IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> CHIPOTLE MEXICAN GRILL, INC., § <br> § <br> *Defendant.* § | Civil Action No. 2:12-cv-00764-JRG-RSP <br><br> Jury Trial Demanded |

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S ANSWER TO
DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S COUNTERCLAIMS**

Plaintiff DietGoal Innovations LLC ("DietGoal") hereby answers the Counterclaims of Defendant Chipotle Mexican Grill, Inc. ("Chipotle") to the Complaint for Patent Infringement ("Complaint") filed on February 6, 2013, Dkt. No. 17.

## ANSWER TO COUNTERCLAIM

Unless otherwise addressed herein with an admission, Plaintiff DietGoal generally denies all allegations in the Counterclaim. Each specific allegation is addressed as follows:

## THE PARTIES

26. Counterclaim Plaintiff Chipotle is a Delaware corporation with a principal place of business in Colorado.

**ANSWER:** DietGoal does not have knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, denies the same.

27. On information and belief based solely on Paragraph 1 of the Complaint as pled by DietGoal, Counterclaim Defendant DietGoal is a Texas limited liability company based in Austin, Texas, as pled in Paragraph 1 of the Complaint.

**ANSWER:** DietGoal admits that it is a Texas limited liability company based in Austin, Texas.

## JURISDICTION AND VENUE

28. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction pursuant to 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367 and 2201-02.

**ANSWER:** DietGoal admits that this Court possesses jurisdiction over this action, but denies that Chipotle is entitled to any relief.

29. Venue of these counterclaims in this District and the Marshall Division is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Admitted.

## FIRST COUNTERCLAIM
### (Declaratory Relief Regarding Non-Infringement)

30. As a result of DietGoal's filing of this action and Chipotle's First Defense, an actual controversy exists between the parties regarding whether Chipotle infringes on the Patent.

**ANSWER**: DietGoal admits that an actual controversy exists between the parties, but denies that Chipotle is entitled to any relief.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Chipotle requests that the Court issue a declaration that it does not infringe any claim of the Patent under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

**ANSWER**: DietGoal admits that Chipotle purports to request a declaration of non-infringement, but denies that Chipotle is entitled to any relief.

## SECOND COUNTERCLAIM
### (Declaratory Relief Regarding Invalidity)

32. As a result of DietGoal's filing of this action and Chipotle's Second Defense, an actual controversy exists between the parties regarding the validity of the claims of the Patent.

**ANSWER:** DietGoal admits that an actual controversy exists between the parties, but denies that Chipotle is entitled to any relief.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* and 35 U.S.C. §§ 100 *et seq.,* Chipotle requests that the Court issue a declaration that the claims of the Patent are invalid.

**ANSWER:** DietGoal admits that Chipotle purports to request a declaration of invalidty, but denies that Chipotle is entitled to any relief.

## CHIPOTLE'S PRAYER FOR RELIEF

With respect to Chipotle's Prayer for Relief, DietGoal denies that Chipotle is entitled to any of the relief sought by its Counterclaims.

## JURY DEMAND

Chipotle requests a trial by jury on all issues so triable.

**ANSWER:** The foregoing paragraph does not require a response by DietGoal; however, should a response be required, DietGoal denies any allegations.

## **AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

As affirmative defenses, DietGoal alleges as follows:

1. Chipotle has failed to state a claim upon which relief can be granted with respect to its Counterclaims.

2. Chipotle has failed to state facts or a legal basis sufficient to permit recovery of its attorneys' fees or expenses for defending this suit.

3. DietGoal intends to rely upon any other defense that may become available in this case and hereby reserve the right to amend this Answer to assert any such defense.

Dated:  March 11, 2013

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:  */s/ Monica Tavakoli*
Christopher M. Joe (Lead Counsel)
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:     (214) 635-1839
Facsimile:      (214) 656-0967

**THE LAW OFFICES OF DAMON YOUNG**

Damon M. Young
State Bar No. 2176700
damon@dylawoffices.com

4122 Texas Boulevard
P.O. Box 1897*
Texarkana, TX. 75503 (*04*)
Telephone:     (903) 794-1303
Facsimile:      (903) 792-5098

**ATTORNEYS FOR PLAINTIFF
DIETGOAL INNOVATIONS LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record are deemed to have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 11th day of March, 2013.

                                              */s/ Monica Tavakoli*
                                              Monica Tavakoli