IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § § | Civil Action No. 2:12-cv-764-WCB-RSP |
| v. | § § | |
| CHIPOTLE MEXICAN GRILL, INC., | § § | **LEAD CASE** |
| | § § | **CONSOLIDATED** |
| | § | |
| DIETGOAL INNOVATIONS LLC, | § § | Civil Action No. 2:12-cv-770 |
| v. | § § | |
| MARCOS FRANCHISING LLC | § § § § § | |

# DEFENDANT MARCO'S FRANCHISING, LLC'S
# MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF ISSUES ...................................................................................2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS .....................................2

    A. Procedural History ....................................................................................2

    B. The Patent-in-Suit and the Claims Asserted Against Marco's ...................2

    C. The Accused Structure ...............................................................................3

IV. ARGUMENT .........................................................................................................5

    A. Law of Summary Judgment .......................................................................5

    B. No Reasonable Jury Could Find Infringement in this Case.......................6

        1. DietGoal Cannot Prove Marco's Nutrition Calculator Has "customized eating goals"..............................................................7

            a. Dr. Bergeron's Report Does Not Satisfy DietGoal's Burden of Proof..................................................................7

            b. Mr. Gray's Report Affirmatively Establishes that Marco's Nutrition Calculator Does Not Have "customized eating goals"..................................................9

        2. DietGoal Cannot Prove Marco's Nutrition Calculator Has "Picture Menus"........................................................................ 11

V. CONCLUSION................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*AFG Industries, Inc. v. Cardinal IG Co., Inc.*,
   375 F.3d 1367, 1371 (Fed. Cir. 2004) ........................................................................... 6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .......................................... 5

*Aristocrat Techs. Austl. PTY v. Int'l Game Tech.*,
   709 F.3d 1348, 1365 (Fed. Cir. 2013) ........................................................................... 6

*Brown v. Houston*,
   337 F.3d 539, 541 (5th Cir. 2003) ................................................................................. 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ..................................... 5

*Conroy v. Reebok Int'l, Ltd.*,
   14 F.3d 1570, 1573 (Fed. Cir. 1994) ............................................................................. 7

*Display Techs., Inc. v. Paul Flum Ideas, Inc.*,
   282 F.3d 1340, 1348 (Fed. Cir. 2002) ........................................................................... 7

*Elbex Video, Ltd. v. Sensormatic Elecs. Corp.*,
   508 F.3d 1366, 1374-75 (Fed. Cir. 2007) ...................................................................... 6

*First Nat'l Bank of Arizona v. Cities Serv. Co.*,
   391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) ............................................ 6

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
   475 U.S. 574, 585-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ..................................... 5

*Rivera v. Houston Indep. Sch. Dist.*,
   349 F.3d 244, 246-7 (5th Cir. 2003) .............................................................................. 5

*Willis v. Roche Biomedical Labs., Inc.*,
   61 F.3d 313, 315 (5th Cir. 1995) ................................................................................... 6

**Rules**

Fed. R. Civ. P. 56......................................................................................................................... 1

Fed. R. Civ. P. 56(c) ....................................................................................................................5

Fed. R. Civ. P. 56(e)(2) ...............................................................................................................6

**<u>Statues</u>**

35 U.S.C. § 271(a)........................................................................................................................2

35 U.S.C. § 271 ............................................................................................................................ 7

I. **INTRODUCTION**

Defendant Marco's Franchising LLC ("Marco's"), by and through its counsel of record, files this Motion for Summary Judgment ("Motion") of Non-Infringement pursuant to Fed. R. Civ. P. 56. The Court should grant the instant Motion because the structure that DietGoal Innovations LLC ("DietGoal") accuses – Marco's Nutrition Calculator and accompanying web pages – does not infringe upon any asserted claim of United States Patent No. 6,585,516 ("the '516 patent"), either directly or indirectly. Specifically, Plaintiff DietGoal Innovations LLC cannot show a triable issue of fact that the accused structure has "customized eating goals" or "Picture Menus" as required by the asserted claims.

Asserted claims 2 and 13 – the only claims DietGoal now accuses Marco's of infringing – both contain requirements that are absent from the accused structure.[1] First, both claims require "customized eating goals." Second, claim 13 requires "Picture Menus." Since neither "customized eating goals" nor "Picture Menus" are included in the accused structure, the accused structure does not infringe upon the '516 Patent directly. Likewise, since both "customized eating goals" and "Picture Menus" are not present in the accused structure as used, DietGoal cannot create a triable issue of fact that Marco's indirectly infringes upon the '516 Patent by inducing users to use the accused structure. Summary judgment of non-infringement should therefore be granted to Marco's.

---

[1] While DietGoal's February 7, 2014 Statement of Asserted Claims asserted claims 1, 2, 3, 5, 6, and 13 against Marco's, DietGoal's Expert Report Of Dr. Bergeron regarding infringement is limited to analysis of claims 2 and 13. Accordingly, DietGoal has no evidence of infringement of claims 1, 3, 5, and 6 by Marco's, and summary adjudication of non-infringement of those claims is appropriate.

## II. STATEMENT OF ISSUES

1) Whether Marco's website included "customized eating goals" as required by independent claim 1 of the '516 Patent.

2) Whether Marco's website included "Picture Menus" as required by independent claim 13 of the '516 Patent.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Procedural History

On December 7, 2012, DietGoal filed this action for patent infringement under 35 U.S.C. § 271(a), alleging that Marco's directly infringed on one or more claims of the '516 Patent. Case 2:12-cv-00761, Dkt. No. 1. On April 7, 2014, the Court reassigned all further proceedings to Circuit Judge Bryson, sitting by designation in this Court. Case 2:12-cv-00761, Dkt. No. 410. On April 10, 2014, the Court granted the Defendants' requests to file motions for summary judgment. Case 2:12-cv-00761, Dkt. No. 417.

### B. The Patent-in-Suit and the Claims Asserted Against Marco's

The '516 Patent was allegedly invented by Dr. Oliver Alabaster, and DietGoal asserts that it has a priority date of December 14, 1998. DietGoal accuses Marco's of infringing two claims of the '516 Patent: claims 2 and 13. Ex. G, DietGoal's March 10, 2013 Disclosure of Asserted Claims and Infringement Contentions – Ex. 5, p. 1. DietGoal does not allege infringement under the Doctrine of Equivalents.

Claim 2 of the '516 Patent requires the following elements:

> 2. A system of computerized meal planning, comprising:
> a User Interface;
> a Database of food objects; and

>   a Meal Builder, which displays on the User Interface meals from the Database, and wherein a user can change content of said meals and view the resulting meals' impact on customized eating goals.

Ex. A, '516 Patent, Claim 2.

Claim 13 of the '516 Patent requires the following elements:

>   13.   A method of computerized planning that can influence behavior, comprising:
>   preparing a Database of food objects;
>   allowing the user to decide whether or not to change on or more meals comprising food objects; and
>   if the user decides to change one or more of the meals, allowing the user to change the meals using a Meal Builder, which displays on the User Interface the food objects from the meals from the Database, corresponding to the Picture Menus, where the user can change and view the meals' impact on customized eating goals.

Ex. A, '516 Patent, claim 13.

The Court has construed the term "customized eating goals" to mean "**computer implemented**, **user specific**, dietary **objectives**" and the term "Picture Menus" to mean "**a visual display of at least one image** of a meal **that a user can select from**." *See*, the Court's claim construction order, Case 2:12-cv-00761, Dkt. No. 308. Both Marco's expert Mr. Stephen Gray, and DietGoal's expert Dr. Bryan P. Bergeron utilize those constructions in providing their expert opinions with respect to alleged infringement. Ex. B, the Expert Report of Dr. Bryan P. Bergeron (the "Bergeron Report"); and Ex. D, the Expert Report of Stephen Gray Regarding Non-Infringement of U.S. Patent No. 6,585,516 (the "Gray Report").

   C.   **The Accused Structure**

In its infringement contentions, DietGoal asserts that Marco's infringes the '516 patent by having a "Meal Builder." Marco's Nutrition Calculator was previously

maintained by Marco's at www.marcos.com/nutrition-calculator until Marco's disabled its Nutrition Calculator in sometime around March-April 2013. Ex. C, Bergeron Report, p. 3. DietGoal asserts that claims 2 and 13 are infringed by Marco's Nutrition Calculator and related web pages. *Id*.

Marco's Nutrition Calculator allowed a user to gather certain, limited nutritional information of a pizza pie by selecting various ingredients for that pie through the use of radio buttons and check boxes. In response to receiving a particular input (i.e., in response to a user clicking on radio buttons and check boxes), a nutrition information label is displayed populated with information provided by food vendors. Ex. F, Wise Dep., at 97:34-98:11. A screenshot of the accused structure is reproduced below. As can be seen, nowhere in the Nutrition Calculator are pictures from which a user can select a meal, only check boxes and radio buttons.



**IV.   ARGUMENT**

Since there is no genuine issue as to any material fact, summary adjudication of non-infringement is appropriate at this point in time.  Moreover, since the accused structure does include, and has never included, each and every element of claims 2 and 13 of the '516 Patent, Marco's respectfully requests that the Court grant this Motion.

**A.   Law of Summary Judgment**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp.*, 477 U.S. at 323.  If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its

case." *Rivera*, 349 F.3d at 247. The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Summary judgment in a patent case is subject to standard procedures established in Federal Rule of Civil Procedure 56. *See, e.g., AFG Industries, Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004). It is well-settled that infringement "is limited to those who practice each and every element of the claimed invention." *Aristocrat Techs. Austl. PTY v. Int'l Game Tech.*, 709 F.3d 1348, 1365 (Fed. Cir. 2013). Summary judgment of non-infringement is appropriate where a feature required by just one limitation of a claim is absent from the accused structure. *See Elbex Video, Ltd. v. Sensormatic Elecs. Corp.*, 508 F.3d 1366, 1374-75 (Fed. Cir. 2007).

### B. No Reasonable Jury Could Find Infringement in this Case

A party can defeat a motion for summary judgment of non-infringement only by presenting competent evidence demonstrating the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-86. Here, DietGoal "may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Rather, as the party asserting patent infringement, DietGoal bears the burden of proof demonstrating

6

infringement by a preponderance of the evidence under 35 U.S.C. § 271. *See*, *e.g.*, *Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1573 (Fed. Cir. 1994). DietGoal has not and cannot satisfy this burden.

In a nutshell, the present motion centers on two key issues: (1) whether "customized eating goals" may be implemented in a user's mind as DietGoal incorrectly continues to assert; and (2) whether "Picture Menus" are found in Marco's accused system. The answer to both is "no." DietGoal has failed to present any evidence showing that the accused structure has either disputed limitation.[2] Because DietGoal has failed to demonstrate the existence of a genuine issue of material fact on infringement and a reasonable jury could not return a verdict for DietGoal on the infringement issue, Marco's respectfully requests that this Court grant Marco's summary judgment of non-infringement. *See*, *Display Techs., Inc. v. Paul Flum Ideas, Inc.*, 282 F.3d 1340, 1348 (Fed. Cir. 2002) (failure to point to evidence that the accused device operates in the way required by the claims required summary judgment).

### 1. DietGoal Cannot Prove Marco's Nutrition Calculator Has "customized eating goals."

#### a. Dr. Bergeron's Report Does Not Satisfy DietGoal's Burden of Proof.

Although the Bergeron Report concedes that "customized eating goals" was construed as "computer implemented, user specific, dietary objectives," DietGoal contends that a user's customized eating goal does not need to be accessible by the accused structure, and can be formulated and manipulated solely in an end user's mind.

---

[2] Marco's likewise disputes as a matter of fact that other elements of the asserted claims are present in its Nutrition Calculator, but does not raise those issues by way of this motion. Rather, Marco's reserves those disputes should trial in this action be necessary.

Case 2:12-cv-00761, Dkt. No. 396 at 3. DietGoal asserts that the Court "unequivocally" rejected that a "customized eating goal" needs to be accessible to or interrelate in any way with the accused structure. *Id*.

Marco's respectfully submits that DietGoal misconstrues this Court's orders and instead rests upon legally erroneous theories provided in the Bergeron Report. For instance, the Court, in reaching the language of its construction, states that ". . . the goals are computer implemented and accessible by the computer, and not merely within a user's mind. The Court's construction achieves this purpose." Case 2:12-cv-00761, Dkt. No. 308 at 20. The Court expressed its intent to prevent Dr. Bergeron from opining otherwise when the Court stated that:

> The Court's construction makes clear to the jury the meaning of the term and prevents constructions from later being asserted in the case (such as by experts) that the goals may merely be a mental process.

*Id*. at 20 n.4.

Nonetheless, DietGoal asserts Dr. Bergeron's position that the accused structure satisfies this construction by "implement[ing] the user's specific chosen dietary objective by presenting the user with optional dietary objectives associated with specific meals that the user can adopt or choose as the user's specific dietary objective" Ex. C, Bergeron Report, pp. 21-22. DietGoal could not be more wrong.

DietGoal and the Bergeron Report's assertion of infringement attempt to do an end run around the construction the Court adopted to prevent exactly this argument – that a user's subjective choice in "adopting" presented, non-user specific nutritional information is sufficient for infringement. Indeed, highlighting this point, Dr. Bergeron's report fails to identify any aspect of the accused Nutrition Calculator that in any way

accepts, recognizes, manipulates or interacts with the user's "adoption" of an eating goal. By doing so, DietGoal and Dr. Bergeron present an argument that the Court explicitly instructed them not to make, and which the Court resolved in its claim construction. Since DietGoal cannot present this argument based on a claim construction that was explicitly rejected by the Court, no reasonable jury could find infringement in this case.

### b. Mr. Gray's Report Affirmatively Establishes that Marco's Nutrition Calculator Does Not Have "customized eating goals."

Not only does DietGoal fail to present a prima facie case for infringement, but Marco's expert report of non-infringement by Mr. Stephen Gray shows how any such assertion is specious in light of the undisputed structure of Marco's Nutrition Calculator. As stated in the Gray Report, "there is no evidence of any computer implemented, user-specific, dietary objectives shown on the webpage. The Marcos webpage does not include any user-specific dietary objective information and therefore cannot allow a user to implement their specific dietary goals through its functionality." Ex. E, Gray Report – Ex. B, p. 3. The Gray Report continues by stating that the "information shown is solely related to the sum of the nutrition attributes of various ingredients comprising the menu item as configured by the selection of food components. Importantly, the nutrition information displayed to the end user for any menu item is the same for each end user, and is in no way customizable." *Id*.

The Gray Report further points out that "[a]sserting that the static dietary values associated with a food component can be transformed into an eating goal is nonsensical" and that "[e]ven if by some undisclosed technique, a user could adopt a nutritional value as a goal, that goal would not be known to or accessible by the computer. It could only

9
DEFENDANT MARCO'S FRANCHISING, LLC'S MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT

be in the mind of the user through which such customized eating goals could be implemented, if at all." *Id*. at 4.

As discussed above, the court construed "customized eating goals" to mean "computer implemented, user-specific, dietary objectives." Case 2:12-cv-00761, Dkt. No. 308 at 21. To satisfy this element, a computer must be able to recognize a specific user and their input of dietary objectives into the accused system. As an example, this can be performed by requiring a user to enter into the system personalized dietary objectives. *See*, *e.g.*, Ex. A, the '516 patent, 2:28-45; 5:6-47.

However, the undisputed facts show that Marco's Nutrition Calculator does not allow for such personalized input. Rather, the same vendor-supplied nutrition information is provided to everyone who uses the Nutrition Calculator. Other than the selection of certain items that may go on to a pizza, Marco's Nutrition Calculator accepts no information from a user, and thus cannot assist them in achieving a personalized result. Stated another way, no matter what a user may have as a dietary goal – low calorie or low sodium or high protein, etc. – Marco's Nutrition Calculator returns the same output to all users.

Simply put, on Marco's website, there are no "customized eating goals." Marco's Nutrition Calculator does not include "computer implemented, user-specific, dietary objectives" since nothing about the dietary objectives of any individual user is accepted into the system. The Bergeron Report confirms that there is no computer implementation of user specific dietary objectives, other than through only mental processes of the user. Ex. C, Bergeron Report – Add. E, pp. 18-21, 31-35. Therefore, this claim element is absent from claim 2 of the '516 Patent and therefore the accused structure cannot infringe

on claim 2 of the '516 Patent. Marco's is therefore entitled to summary judgment of non-infringement of claims 2 and 13.

### 2. DietGoal Cannot Prove Marco's Nutrition Calculator Has "Picture Menus."

With respect to claim 13, in addition to "customized eating goals," which, for the reasons above, the Marco's Nutrition Calculator and corresponding web pages does not have, any accused structure must also have "Picture Menus." During claim construction, this Court held that a "Picture Menu" is "a visual display of at least one image of a meal that a user can select from." Case 2:12-cv-00761, Dkt. No. 308. In support of this element, Dr. Bergeron can point only to static, unlinked images of certain pizzas on the Marco's website. Ex. C, Bergeron Report – Add. E, p. 31. Nothing more is provided by DietGoal as proof that the Marco's Nutrition Calculator has "Picture Menus" as construed by the Court. Dr. Bergeron's identification of non-functional images on a separate web page of the Marco's website does not satisfy DietGoal's initial burden of production to show the presence of "Picture Menus."

Indeed, as stated in the Gray Report in discussing the requirements of claim 13, "the Picture Menus identified in Claim 13 is required to be capable of selecting a meal to, for example, view, alter and determine the impact of the alteration on a user's specific dietary goals." Ex. E, Gray Report – Ex. B, p. 7. Dr. Bergeron's identification of images of pizzas included in the website – which are located at a different webpage than the accused structure and do not directly link to the functionality of Marco's Nutrition

Calculator – is woefully inadequate to present a triable issue of fact concerning infringement.[3]

Directly refuting DietGoal's empty contention of infringement, the Gray Report states that, "[a]s required by the Court's construction, these images of pizzas must be selectable to allow the user to, for example, view the nutritional content of the pizza." Ex. E, Gray Report – Ex. B, p. 8. Mr. Gray further opines that the identified images of pizzas on the website are not, and never were, selectable for any purpose whatsoever. *Id*. The images do not and did not have hyperlinks to other pages, or functionality allowing end users to select from them. *Id*. Indeed, those images are static and are not interactive in any way with an end user utilizing Marco's Nutrition Calculator . *Id.* Thus, "Picture Menus" are likewise absent from the accused structure, and the accused structure cannot infringe claim 13 of the '516 Patent. Marco's is therefore entitled to summary judgment of non-infringement of claim 13 for this reason as well.

//

//

//

//

//

//

---

[3] The accused structure was located at www.marcos.com/nutrition-calculator?view=calculator, while the images were located at www.marcos.com/stores/menu?view=menu&store=5009.

## V. Conclusion

As shown, the accused structure does not infringe the asserted claims of the '516 Patent because Marco's Nutrition Calculator does not have "customized eating goals" or "Picture Menus." Marco's therefore requests that the Court grant its Motion for Summary Judgment of Non-Infringement as to the asserted claims of the '516 Patent.

Dated: May 22, 2014              Respectfully submitted,

/s/ *Marcus T. Hall*
Marcus T. Hall (State Bar No. 206495)
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
555 Mission Street, Thirty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 814-6161
Facsimile: (415) 814-6165
Email: marcus.hall@novakdruce.com
Attorneys for Defendant
MARCO'S FRANCHISING, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2014, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court for the Eastern District of Texas and served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Date: May 22, 2014          NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP


                            By: /s/ Marcus Hall_____
                                Marcus Hall
                                Attorneys for Defendant
                                MARCO'S FRANCHISING, LLC


## CERTIFICATE OF AUTHORIZATION

The undersigned certifies that pursuant to Local Rule CV-5(a)(7)(A), that the Court has granted authorization to seal this document.  *See* Case No. 2:12-cv-00761. Dkt. No. 31.

Date: May 22, 2014          NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP


                            By: /s/ Marcus Hall_____
                                Marcus Hall
                                Attorneys for Defendant
                                MARCO'S FRANCHISING, LLC