**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § § | |
| *Plaintiff,* | § § | Civil Action No. 2:12-cv-00764-WCB-RSP |
| | § | (Consolidated) |
| v. | § § | **LEAD CASE** |
| CHIPOTLE MEXICAN GRILL, INC., | § § | Jury Trial Demanded |
| *Defendant.* | § § | |

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § § | |
| *Plaintiff,* | § § § | Civil Action No. 2:12-cv-00770-WCB-RSP |
| v. | § § | (Consolidated) |
| MARCO'S FRANCHISING, LLC, | § § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S CORRECTED
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CERTAIN
DEFENSES ASSERTED BY MARCO'S FRANCHISING, LLC**

Damon M. Young
**THE LAW OFFICES OF DAMON YOUNG**
4122 Texas Boulevard / P.O. Box 1897*
Texarkana, TX.  75503 (*04*)
Telephone:     (903) 794-1303

Eric W. Buether
Christopher M. Joe
Brian A. Carpenter
Monica Tavakoli
Mark D. Perantie
Niky Bukovcan
Michael D. Ricketts
**BUETHER JOE & CARPENTER, LLC**
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone:     (214) 635-1839

*ATTORNEYS FOR PLAINTIFF DIETGOAL INNOVATIONS LLC*

## **TABLE OF CONTENTS**

I.    PROCEDURAL BACKGROUND ................................................................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................. 3

III.  STATEMENT OF UNDISPUTED FACTS ..................................................................... 3

IV.   ARGUMENT .................................................................................................................. 5

      A.   THE SUMMARY JUDGMENT STANDARD .................................................. 5

      B.   THE APPLICABLE LEGAL STANDARD FOR EQUITABLE ESTOPPEL ................................................................................................. 6

      C.   THERE IS NO EVIDENCE TO SUPPORT THE EQUITABLE ESTOPPEL DEFENSE ASSERTED BY MARCO'S .......................................... 6

      D.   THE APPLICABLE LEGAL STANDARD FOR EQUITABLE ESTOPPEL ................................................................................................. 7

      E.   THERE IS NO EVIDENCE TO SUPPORT THE LACHES DEFENSE ASSERTED BY MARCO'S .................................................................. 7

V.    CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
    960 F.2d 1020 (Fed. Cir. 1992) .................................................................................. 6, 7, 8, 9

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................................... 5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................................... 5

*Gasser Chair Co. v. Infanti Chair Mfg. Corp.*,
    60 F.3d 770 (Fed. Cir. 1995) ............................................................................................... 6, 8

*Hemstreet v. Computer Entry Sys. Corp.*,
    972 F.2d 1290 (Fed. Cir. 1992) ................................................................................................ 8

*Krenik v. Cnty. of Le Sueur*,
    47 F.3d 953 (8th Cir. 1995) ..................................................................................................... 5

*Ludwig v. Anderson*,
    54 F.3d 465 (8th Cir. 1995) ..................................................................................................... 5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................................................... 5

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia s.p.a.*,
    944 F.2d 870 (Fed. Cir. 1991) ................................................................................................. 8

**Statutes**

Fed. R. Civ. P. 56 ........................................................................................................................ 5

Pursuant to the Court's Order in *DietGoal Innovations LLC v. Kellan Restaurant Management Corp. d/b/a 545th Street Grill & Bar*, Civil Action No. 2:12-cv-00761 (LEAD), Dkt. 417, and Plaintiff DietGoal Innovations LLC's ("DietGoal") letter brief filed with the Court on March 10, 2014 (Dkt. 368), DietGoal hereby submits its corrected motion for partial summary judgment regarding the defenses of equitable estoppel and laches asserted by Defendant Marco's Franchising, LLC ("Marco's").

## I.   PROCEDURAL BACKGROUND

DietGoal sued Marco's for infringement of United States Patent No. 6,585,516 (the "`516 Patent") on December 7, 2012.  DietGoal has accused Marco's of infringement of the `516 Patent by making and using a computerized meal planning interface at http://www.marcos.com/nutrition-calculator?view=calculator and its related webpages such as https://marcos.com/stores/menu?view=menu&store=5009 (the "Marco's Meal Builder") found within Marco's website – www.marcos.com.  Dkt. No. 1 at 2.  Marco's first began to use the accused Meal Builder feature of its website in June 2011.  *See* Exhibit A at 7.

On October 22, 2013, DietGoal filed its Amended and Supplemental Complaint (Dkt. No. 146) adding claims against Marco's for infringement of additional claims issued in the Reexamination Certificate issued with respect to the `516 Patent (the "`516 Patent Reexamination Certificate").  On November 5, 2013, Marco's filed its answer and counterclaims to DietGoal's amended and supplemental complaint.  Dkt. No. 183.  Marco's, in its answer and counterclaims, asserts the following defenses:

> **FOURTH DEFENSE**
> **(Equitable Estoppel and/or Laches)**
>
> 4. Marco's is informed and believes, and on that basis alleges, that Plaintiff's claims against Marco's with respect to the '516 patent are barred by equitable estoppel and/or laches.

Dkt. No. 183 at 6.

DietGoal served Marco's the following interrogatory addressing, among other things, Marco's defenses of equitable estoppel and laches:

> **INTERROGATORY NO. 5:**
>
> Describe in detail the factual bases supporting Your affirmative defense identified in Your Answer to DietGoal's complaint that DietGoal is barred by the doctrines of laches, estoppel, waiver and acquiescence.

*See* Exhibit A at 9. Marco's has responded to this interrogatory as follows:

> **Response:**
>
> Subject to and without waiving the foregoing objections and/or General Objections, Marco's responds as follows: To the extent Marco's understands this Interrogatory, Marco's states that Plaintiff delayed filing the instant lawsuit from July 1, 2003 until December 7, 2012 despite the open and notorious existence and use of the allegedly infringing features on the Internet, the particular facts of which may be further determined during discovery.

*See* Exhibit A at 10.

On March 10, 2014, DietGoal submitted a letter brief to the Court requesting permission, *inter alia*, to file a motion for partial summary judgment that DeitGoal is entitled to a judgment as a matter of law with respect to Marco's defenses of equitable estoppel and laches. Dkt. No. 368. Marco's did not serve any response to DietGoal's letter brief and did not withdraw its

defenses of equitable estoppel and laches. On April 10, 2014, the Court granted DietGoal's request to file a motion for partial summary judgment on these defenses. Dkt. No 417.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Did Plaintiff DietGoal or the previous owner of the `516 Patent ever represent to Marco's, expressly or implicitly, that the owner would not enforce his patent against Defendant Marco's business, and did Marco's rely on that representation?

2. Did Plaintiff DietGoal or the previous owner of the `516 Patent delay filing suit against Marco's for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and, if so, did the delay operated to the prejudice or injury of Defendant Marcos?

## III. STATEMENT OF UNDISPUTED FACTS

1. Dr. Oliver Alabaster is the inventor and original owner of the `516 Patent.

2. On September 14, 2011, Dr. Alabaster granted an exclusive license to the `516 Patent to SmartFit Solutions LLC.

3. On September 15, 2011, SmartFit Solutions LLC assigned the exclusive license to the `516 Patent to DietGoal Innovations LLC.

4. On February 17, 2012, Dr. Alabaster assigned ownership of the `516 Patent to DietGoal Innovations LLC.

5. At no time while Dr. Alabaster owned the `516 Patent did he represent to Marco's, expressly or implicitly, that he would not enforce his patent against Defendant Marco's business.

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S CORRECTED MOTION
FOR PARTIAL SUMMARY JUDGMENT REGARDING CERTAIN
DEFENSES ASSERTED BY MARCO'S FRANCHISING, LLC**                                    **Page 3**

6. At no time while SmartFit Solutions LLC held an exclusive license to the `516 Patent did any employee or representative of SmartFit Solutions represent to Marco's, expressly or implicitly, that he would not enforce his patent against Defendant Marco's business.

7. At no time while DietGoal Innovations LLC held an exclusive license to or owned the `516 Patent did any employee or representative of DietGoal Innovations represent to Marco's, expressly or implicitly, that he would not enforce his patent against Defendant Marco's business.

8. DietGoal filed its lawsuit against Marco's accusing the Meal Builder aspect of its website of infringing the `516 Patent on December 7, 2012.

9. Marco's did not implement the accused Meal Builder aspect of its accused website until June 2011.

10. Dr. Alabaster did not have any knowledge of the aspects of the Marco's website accused of infringing the `516 Patent, or any conspicuous activities of potential infringement of the `516 Patent by Marco's prior to DietGoal's filing of its lawsuit against Marco's.

11. SmartFit Solutions LLC did not have any knowledge of the aspects of the Marco's website accused of infringing the `516 Patent or any conspicuous activities of potential infringement of the `516 Patent by Marco's prior to DietGoal's filing of its lawsuit against Marco's.

12. DietGoal did not have any knowledge of the aspects of the Marco's website accused of infringing the `516 Patent or any conspicuous activities of potential infringement of the `516 Patent by Marco's until sometime during the late Fall or Winter of 2011, shortly before DietGoal filed its lawsuit against Marco's.

13. Marco's did not engage in any conspicuous activities of potential infringement of the `516 Patent prior to DietGoal's filing of its lawsuit against Marco's, and did not engage in any pervasive, open and notorious activities that a reasonable patentee would suspect were infringing.

14. Marco's did not suffer any loss of monetary investments or incur any damages that likely would have been prevented by DietGoal filing its lawsuit against Marcos earlier.

15. Marco's has not been prevented from presenting a full and fair defense on the merits of DietGoal's claims against it due to factors such as lost records, the death of a witness or the unreliability of memories of long past events that undermine the ability of the court or jury to judge the facts as a result of any delay by DietGoal in bringing its lawsuit against Marco's.

## IV. ARGUMENT

### A. THE SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall issue "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Ludwig v. Anderson*, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

The Federal Circuit reviews *de novo* all district court decisions to grant summary judgment. *See Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773 (Fed. Cir. 1995). Where the grant of summary judgment is based on laches, however, the standard of review of the conclusion regarding the existence or lack of laches is abuse of discretion. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992) (en banc).

**B.  THE APPLICABLE LEGAL STANDARD FOR EQUITABLE ESTOPPEL**

Equitable estoppel comes into play when a patent owner represents to an infringer, expressly or implicitly, that he will not enforce his patent against the infringer's business, and the infringer relies on that representation. The Federal Circuit has stated that there are three elements to equitable estoppel: (1) the patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992). Equitable estoppel must be shown by a preponderance of the evidence. *Id.* at 1046.

**C.  THERE IS NO EVIDENCE TO SUPPORT THE EQUITABLE ESTOPPEL DEFENSE ASSERTED BY MARCO'S**

As reflected in Marco's interrogatory answer, Marco's does not have any evidence that anyone who ever had an ownership interest in the `516 Patent ever represented to Marco's, expressly or implicitly, that the `516 Patent would not be enforced against it. Neither DietGoal, the current owner of the `516 Patent, nor Dr. Alabaster, or the previous owner of the patent, made any such representation to Marco's. Given that Marco's bears the burden of proof on its equitable estoppel defense, the Court should grant DietGoal's motion for partial summary judgment dismissing this baseless defense.

### D. THE APPLICABLE LEGAL STANDARD FOR EQUITABLE ESTOPPEL

Laches is an equitable defense that applies to claims of patent infringement. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (en banc). In applying the defense, "[a] court must look at all of the particular facts and circumstances of each case and weigh the equities of the parties." *Id.* at 1032. In order to invoke laches, a defendant must prove that: (1) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) the defendant has been or will be prejudiced in a significant way due to the plaintiff's delay in filing the lawsuit. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (en banc). The defendant must prove delay and prejudice by a preponderance of the evidence. *Id.* at 1045.

### E. THERE IS NO EVIDENCE TO SUPPORT THE LACHES DEFENSE ASSERTED BY MARCO'S

Equally frivolous is Marco's laches defense. It is undisputed that Marco's did not implement its Meal Builder website feature until June 2011, and DietGoal filed its lawsuit in December 2012. Marco's, however, does not have any evidence that DietGoal or Dr. Alabaster were aware or should have been aware of its infringement prior to the just before commencement of this lawsuit. Thus, Marco's does not have any evidence to prove that DietGoal delayed filing suit for an unreasonable and inexcusable length of time from the time it (or Dr. Alabaster) knew or reasonably should have known of its claim against the defendant.

Moreover, even assuming that DietGoal or Dr. Alabaster were aware of Marco's infringement from the very beginning, the time between the commencement of infringement by Marco's and the filing of the lawsuit by DietGoal against Marcos is a mere 18 months. Because this period of "delay" is less than six years, prejudice is not presumed. *See Aukerman*, 960 F.2d

at 1035-36. Without the benefit of the presumption, Marco's has the burden to prove the two elements of laches. First, Marco's must prove that Eastman delayed filing suit an unreasonable and inexcusable length of time. *See Aukerman*, 960 F.2d at 1032. Second, Marco's must also prove that the delay caused it prejudice or injury. *See id*.

The length of time that is unreasonable or inexcusable delay in filing suit, depends on the facts and circumstances of each case. The focus is on reasonableness. *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773-774 (Fed. Cir. 1995). Marco's does not have any evidence of any delay by DietGoal in bringing suit against Marco's for infringement of the `516 Patent. As mentioned above, even assuming that DietGoal or Dr. Alabaster were aware of Marco's infringement from the very beginning, the "delay" between Marco's first act of infringement and the commencement of the lawsuit by DietGoal against Marcos is a mere 18 months. This is not an unreasonable and inexcusable length of time as a matter of law. *See, e.g., Vaupel Textilmaschinen KG v. Meccanica Euro Italia s.p.a.*, 944 F.2d 870, 878-79 (Fed. Cir. 1991) (holding, based on much stronger evidence favoring laches and a delay of three and one-half years, that "it would have been an abuse of discretion for the district court to have held that these circumstances resulted in laches").

Also, as reflected in Marco's interrogatory answer regarding the factual basis for its laches defense, Marco's has no evidence that it suffered any economic or evidentiary prejudice. Economic prejudice arises when a defendant suffers the loss of monetary investments or incurs damages that likely would have been prevented by earlier suit. *Id*. A nexus must be shown between the patentee's delay in filing suit and the expenditures; the alleged infringer must change his position "because of and as a result of the delay." *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1294 (Fed. Cir. 1992); *see also Gasser Chair Co., Inc. v. Infanti Chair*

*Mfg. Corp.*, 60 F.3d 770, 775 (Fed. Cir. 1995). Marco's has not alleged or identified any economic prejudice resulting from any period of delay in connection with DietGoal's initiating this lawsuit.

Evidentiary prejudice may arise if the defendant cannot present a "full and fair defense on the merits" due to factors such as lost records, the death of a witness or the "unreliability of memories of long past events" that undermine the ability of the court or jury to judge the facts. *Aukerman*, 960 F.2d at 1033 (citations omitted). Marco's has not alleged or identified any evidentiary prejudice resulting from any period of delay by DietGoal in suing Marco's for infringement.

## V. CONCLUSION

Thus, for all of these reasons, the Court should grant DietGoal's motion for partial summary judgment regarding Marco's defenses of equitable estoppel and laches and dismiss those defenses from this case.

Dated: May 23, 2014            Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:    */s/ Eric W. Buether*
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com
Michael D. Ricketts
State Bar No. 24079208
Mickey.Ricketts@BJCIPLaw.com
Timothy J.H. Craddock
State Bar No. 24082868
Tim.Craddock@BJCIPLaw.com

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone:   (214) 466-1271
Facsimile:    (214) 635-1827

**THE LAW OFFICES OF DAMON YOUNG**

Damon M. Young
State Bar No. 2176700
damon@dylawoffices.com

4122 Texas Boulevard / P.O. Box 1897*
Texarkana, TX. 75503 (*04*)
Telephone:   (903) 794-1303
Facsimile:    (903) 792-5098

**ATTORNEYS FOR PLAINTIFF
DIETGOAL INNOVATIONS LLC**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 23rd day of May, 2014. Any other counsel of record will be served by facsimile transmission and first class mail.

                                          */s/ Eric W. Buether*
                                          Eric W. Buether