IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. |
| v. | § § | 2:12-cv-00764-WCB-RSP |
| CHIPOTLE MEXICAN GRILL, INC., | § § § | |
| *Defendant.* | § § § | |

## ORDER

The Court has the parties' memorandums regarding the effect on this case of the decision in <u>DietGoal Innovations LLC v. Bravo Media LLC</u>, No. 1:13-cv-8391 (S.D.N.Y. July 8, 2014) ("<u>Bravo</u>"). In that case, the United States District Court for the Southern District of New York invalidated the same patent that is at issue in these cases on the ground that it was directed to unpatentable subject matter. The defendants in this case have filed motions raising the same challenge to the patent. The plaintiff has advised the Court that it has taken an appeal to the Federal Circuit from the district court's decision in the <u>Bravo</u> case, and it has asked the Court to stay proceedings in these cases until the Federal Circuit has decided the appeal in that case. The defendants urge the Court not to stay this case, but to grant judgment in their favor on the issue of unpatentability under the doctrine of collateral estoppel.

The Court is not inclined to follow either suggestion without further guidance from the parties. In particular, the Court needs additional briefing with respect to the grounds that the plaintiff regards as barring the application of collateral estoppel in this case. In its memorandum,

1

the plaintiff stated simply that "the Bravo decision's analysis of the patent-eligibility of the claims of the '516 Patent is so fundamentally flawed that it demonstrates that DietGoal did not have a fair opportunity procedurally, substantively, and evidentially to defend the validity of the '516 Patent in that court, precluding application of the doctrine of collateral estoppel." Dkt. No. 90, at 3. That statement comes perilously close to asserting that because the first decision was wrong, it must have been the product of one or more flaws that render it ineligible to be given collateral estoppel effect. Except for what the Supreme Court referred to as "those relatively rare instances where the courts wholly failed to grasp the technical subject matter and the issues in suit," Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 333 (1971), assertions that the first decision was incorrect do not defeat the application of collateral estoppel. See Pharmacia & Upjohn Co. v. Mylan Pharm., Inc., 170 F.3d 1373, 1380 (Fed. Cir. 1999) (the inquiry into whether the plaintiff was afforded a full opportunity to litigate is "quite narrow" and does not consider "whether the prior finding of invalidity was correct"); Mississippi Chem. Corp. v. Swift Agric. Chems. Corp., 717 F.2d 1374, 1378-79 (Fed. Cir. 1983); Stevenson v. Sears, Roebuck & Co., 713 F.2d 705, 709 (Fed. Cir. 1983) ("[A]n inappropriate inquiry is whether the prior finding of invalidity was correct; instead, the court is only to decide whether the patentee had a full and fair opportunity to litigate the validity of his patent in the prior unsuccessful suit."); Westwood Chem., Inc. v. United States, 525 F.2d 1367, 1375 (Ct. Cl. 1975) ("[T]he correctness of the earlier decision is not an issue and is not a prerequisite to the application of [collateral] estoppel.").[1]

---

[1] Decisions of the Court of Claims are binding on the Federal Circuit. Because Federal Circuit law governs this Court's rulings on the application of collateral estoppel principles in patent cases, the Court of Claims decisions are also binding on this Court.

Beyond that, the plaintiff's memorandum offers little of substance from which the Court might conclude that the proceedings in the New York action deprived the plaintiff of a full and fair opportunity to litigate the validity of the patent in suit, U.S. Pat. No. 6,585,516. However, the Court will not rule on the collateral estoppel issue without providing the plaintiff an opportunity to make a more complete presentation of the reasons that it does not believe application of collateral estoppel is warranted in this case. Accordingly, the Court directs the plaintiff to file a supplemental memorandum, no more than 15 pages in length, setting forth in detail why the plaintiff regards the proceedings in the Bravo case as having been so flawed as to deprive it of a full and fair opportunity to litigate the invalidity issue, and whether there is any other reason that judgment should not be entered in the defendants' favor on collateral estoppel grounds. The memorandum should focus on the asserted procedural flaws in the manner in which the Bravo case was litigated; it should not be directed to criticism of the district court's legal analysis or its ultimate conclusion in that case. To the extent that the plaintiff contends that the process employed by the district court was flawed, the plaintiff should set out, with specificity, what showing the plaintiff could have made in the Bravo case, but was prevented from making, that could have affected the outcome in that case.

The plaintiff's memorandum is to be filed within 14 days of the date of this order. The defendants, if they elect to do so, may file a joint responsive memorandum, no more than 15 pages in length, within seven days of the date that the plaintiff's memorandum is filed. The plaintiff, if it elects to do so, may file a reply memorandum, no more than five pages in length, within seven days of the date that the defendants' memorandum is filed.

The parties are advised that the briefing described above will complete the briefing on the issue of collateral estoppel. The Court will at that time decide whether (1) to grant the defendants' motion for summary judgment of patent invalidity under 35 U.S.C. § 101 based on the doctrine of collateral estoppel, (2) to grant a stay pending the appeal to the Federal Circuit in the Bravo case, or (3) to decide the pending motions for summary judgment on the merits without regard to the doctrine of collateral estoppel.

IT IS SO ORDERED.

SIGNED this 11th day of August, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE