**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 2:12-cv-00764-WCB-RSP |
| | § | (Consolidated) |
| v. | § | **LEAD CASE** |
| | § | |
| CHIPOTLE MEXICAN GRILL, INC., | § | Jury Trial Demanded |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S SUPPLEMENTAL
MEMORANDUM OF LAW REGARDING THE COURT'S DECISION IN *BRAVO***

---

Damon M. Young
**THE LAW OFFICES OF DAMON YOUNG**
4122 Texas Boulevard / P.O. Box 1897*
Texarkana, Texas  75503 (*04*)
Telephone:     (903) 794-1303

Eric W. Buether
Christopher M. Joe
Brian A. Carpenter
Monica Tavakoli
Mark D. Perantie
Niky Bukovcan
Michael D. Ricketts
Timothy J.H. Craddock
**BUETHER JOE & CARPENTER, LLC**
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
Telephone:     (214) 635-1839

*ATTORNEYS FOR PLAINTIFF DIETGOAL INNOVATIONS LLC*

## TABLE OF AUTHORITIES

**Cases**

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
  402 U.S. 313 (1971)............................................................................................1, 2, 7

*DietGoal Innovations LLC v. Bravo Media LLC (Division of NBC Univ. Media, LLC)*,
  Civil Action No. 1:13-cv-8391 (S.D.N.Y. July 8, 2014).......................................... *passim*

*DietGoal Innovations LLC v. Kellan Rest. Mgmt. Corp.*,
  2014 U.S. Dist. LEXIS 19047 (E.D. Tex. Feb. 13, 2014) ...................................................5

*DietGoal Innovations LLC v. Time, Inc.*,
  2014 U.S. Dist. LEXIS 91120 (S.D.N.Y. June 30, 2014) ...................................................5

*Gottschalk v. Benson*,
  409 U.S. 63 (1972)...........................................................................................................3

*Parker v. Flook*,
  437 U.S. 584 (1978).........................................................................................................3

*Pharmacia & Upjohn Co. v. Novopharm Ltd.*,
  1999 U.S. Dist. LEXIS 1257 (N.D. Ill. Feb. 2, 1999) .......................................................7

*Scripps Clinic & Research Foundation v. Baxter Travenol Laboratories, Inc.*,
  729 F. Supp. 1473 (D. Del. 1990)......................................................................................6


**Statutes**

35 U.S.C. § 101.............................................................................................................2, 4, 5, 6

In accordance with this Court's Order dated August 11, 2014 (Dkt No. 92), Plaintiff DietGoal Innovations LLC ("DietGoal") hereby files its Supplemental Memorandum of Law regarding the Court's decision in *DietGoal Innovations LLC v. Bravo Media LLC (Division of NBC Universal Media, LLC)*, Civil Action No. 1:13-cv-8391 (S.D.N.Y. July 8, 2014) (Dkt No. 148).

The Court directed Plaintiff DietGoal to file a supplemental memorandum "setting forth in detail why the plaintiff regards the proceedings in the Bravo case as having been so flawed as to deprive it of a full and fair opportunity to litigate the invalidity issue, and whether there is any other reason that judgment should not be entered in the defendants' favor on collateral estoppel grounds." Dkt. No. 92. The Court further directed that "[t]he memorandum should focus on the asserted procedural flaws in the manner in which the Bravo case was litigated; it should not be directed to criticism of the district court's legal analysis or its ultimate conclusion in that case." *Id*. The Court instructed that "the plaintiff should set out, with specificity, what showing the plaintiff could have made in the Bravo case, but was prevented from making, that could have affected the outcome in that case." *Id*.

DietGoal's memorandum of law filed on August 8, 2014, Dkt. No. 90, regarding its view as to the effect of the decision in *DietGoal Innovations LLC v. Bravo Media LLC (Division of NBC Universal Media, LLC)*, Civil Action No. 1:13-cv-8391 (S.D.N.Y. July 8, 2014) (Dkt No. 148), pointed out that the *Bravo* decision may not be applied automatically to this case warranting the entry of a judgment of invalidity of the `516 Patent. DietGoal cited the Supreme Court's decision in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971), holding that a judgment of invalidity has no collateral estoppel effect if the patentee can show that she did not have a full and fair opportunity to litigate, but that the Court

in *Blonder-Tongue*, emphasized that "determining whether a patentee has had a full and fair chance to litigate . . . in an earlier case is of necessity not a simple matter." *Id*. at 333.  One of the factors the *Blonder-Tongue* Court mentioned should be considered in making this determination is "whether the prior case was one of those relatively rare instances where the courts wholly failed to grasp the technical subject matter and the issues in suit. . . ." *Id*.  The *Blonder-Tongue* Court observed that no single "automatic formula" was applicable, and the final decision on whether to apply the estoppel doctrine was left to the lower court's "sense of justice and equity." *Id*. at 334.

DietGoal contends that the *Bravo* decision reflects that the judge in that case failed to grasp the technical subject matter and the issues in suit by, among other things, failing to perform any claim construction regarding any of the 62 claims of the `516 Patent found invalid under 35 U.S.C. § 101.  Although the *Bravo* court attempted to explain this failure away by asserting that the claims of the `516 Patent "are sufficiently 'straightforward' that formal claim construction is not necessary to understand their content," *Bravo* decision at 28, the *Bravo* court repeatedly misstated the scope of the claims, contending that they are far broader than the limitations in those claims clearly specifies.  The Bravo court also failed to perform a claim-by-claim analysis, resulting in the court failing to address several distinct limitations in numerous dependent claims. This flawed approach was foreshadowed by the judge's statement during the summary judgment hearing that he was "looking at this as a holistic patent with a variety of different claims or metes and bounds," and that he believed it was proper to "address[] the issue of patentability by looking at the totality of the invention that DietGoal intends to patent as opposed to having to undertake one by one this analysis as to 61 or whatever different claims." *See* Exhibit A at 55 (excerpt from transcript of summary judgment hearing).

For example, the judge in the *Bravo* decision stated that the "`516 Patent claims a process for computerized meal planning; in essence, it recites a computer program that allows the user to create meals from a database of food objects according to his or her preferences and dietary goals, to change those meals by adding or subtracting food objects, and to view the dietary impact of changes to those meals on a visual display." *Bravo* decision at 17-18.  This description ignores the "Picture Menus" limitation of the `516 Patent.  In addition, the claims of the `516 Patent do not merely require the user to "create meals from a database of food objects according to his or her preferences and dietary goals," as the *Bravo* decision asserts.  *Bravo* decision at 18. Rather, the claims require that the user be able to select a meal from the Picture Menus, which displays meals from the Database and, using a Meal Builder, change the content of meals and view the resulting meals' impact on the user's customized eating goals.

The *Bravo* decision further asserted that "the claims of the `516 Patent recite nothing more than the abstract concept of selecting meals for the day, according to one's particular dietary goals and food preferences."  "Selecting meals for the day," however, is not an element of any claim of the `516 Patent.  Also, the `516 Patent does not require that the user select meals "according to [their] food preferences."  Rather, the claims of the `516 Patent require a "Picture Menus," which displays on the User Interface meals from the database that a user can select from to meet customized eating goals" *See, e.g.*, Claim 1.  "Customized eating goals" has been construed to mean "computer implemented, user-specific dietary objectives," which encompasses more than simply "food preferences."

The *Bravo* decision also asserts that, "like the claims invalidated in *Gottschalk v. Benson*, 409 U.S. 63 (1972) and *Parker v. Flook*, 437 U.S. 584 (1978), the claims of the `516 Patent recite steps that, although computer-implemented by virtue of the patent application, could 'be

performed in the human mind, or by a human using a pen and paper,' and 'a method that can be performed by human thought alone is merely an abstract idea and is not patent-eligible under § 101.'" *Bravo* decision at 18.  The *Bravo* decision, however, does not cite any evidence to support this conclusion, and such an unsupported conclusion is contradicted by the `516 Patent itself.  The `516 Patent recites numerous elements that cannot "be performed in the human mind, or by a human using a pen and paper."  For example, Claim 1 requires "at least one Picture Menus, which displays on the User Interface meals from the Database that a user can select from to meet customized eating goals."  Claim 20 requires "The system of claim 19, wherein a meal is removed or added to the display on the User Interface based on the command [identifying a food object or a meal that the user likes of dislikes]."  Claim 23 requires "The system of claim 1, wherein the user can select one or more of the displayed meals to store in the Database."  Claim 30 requires "the system of claim 29, wherein a meal is added to or removed from display on the User Interface in response to selection of one or more of the at least one customized eating goals."  Each claim in the examples above contains limitations that cannot simply be performed by a person using a pen and paper.

The *Bravo* decision also states that "the `516 Patent claims a computerized method of selecting meals that align with the user's individual preferences and nutritional goals (for example, by planning out dinners for the week that accord with a low-calorie diet) and calculating the dietary impact of the addition or subtraction of certain foods (for example, by determining how many calories you will save by swapping out French fries for broccoli).  These are conventional and quotidian tasks.  A person can perform them without the aid of any particular or structured method and without the need of any technology." *Bravo* decision at 19.  An examination of the `516 Patent, however, reveals that "planning out dinners for the week that

accord with a low-calorie diet," and "calculating the dietary impact of the addition or subtraction of certain foods" are not elements of any of the claims of the `516 Patent.  Moreover, the *Bravo* court again does not cite any evidence that the actual limitations of the claims such as the "Picture Menus" or the "Meal Builder" are "conventional and quotidian tasks."

Underscoring the *Bravo* court's complete failure to comprehend the meaning and scope of the claims of the `516 Patent is the statement in the *Bravo* decision that the Picture Menus limitation "is nothing more than 'post-solution activity' that cannot render the process patentable.'"  *Bravo* decision at 25-26.  The "Picture Menus" limitation has been construed by two other courts in *DietGoal Innovations LLC v. Kellan Rest. Mgmt. Corp.*, 2014 U.S. Dist. LEXIS 19047 at *11 (E.D. Tex. Feb. 13, 2014) and *DietGoal Innovations LLC v. Time, Inc.*, 2014 U.S. Dist. LEXIS 91120 (S.D.N.Y. June 30, 2014).  This Court, however, construed "Picture Menus" to mean "a visual display of at least one image of a meal that a user can select a meal from."  The *Time* Court construed "Picture Menus" to mean "a visual display on the User Interface of at least one image of a meal from the Database."  These claim limitations are central to the solution offered by the `516 Patent of providing **visual techniques** for training individuals to modify dietary behavior.  *See* `516 Patent, Abstract and Col. 1:8-10 (emphasis added).

Indeed, as DietGoal pointed out in its briefing in opposition to the Defendants' motion for summary judgment of invalidity pursuant to 35 U.S.C. § 101, "Defendant Whataburger acknowledged in its motion for summary judgment of non-infringement that '[o]ne crucial aspect of the alleged invention is the user's ability to visualize the food items by viewing pictures of food objects.'"  Dkt No. 81 at 3-4 (quoting Whataburger's Motion for Summary Judgment of Non-Infringement [Dkt No. 47] at 6).  The *Bravo* court's statement that the Picture Menus

limitation reflects merely post-solution activity reflects a complete misunderstanding of the scope of the claims and the technology underlying the `516 Patent.

Notwithstanding these fundamental flaws in the *Bravo* decision, they may not amount to "procedural flaws in the manner in which the Bravo case was litigated" as opposed to DietGoal's "criticism of the district court's legal analysis or its ultimate conclusion in that case," in the words of this Court's order requesting supplemental briefing on the issue of the collateral estoppel effect of that decision.  Given the pendency of DietGoal's appeal of the *Bravo* decision, which will be dispositive of the § 101 issue in this litigation, DietGoal believes that the most efficient and appropriate course of action with respect to judicial review of that decision is to stay this litigation pending Federal Circuit review of the decision.  This will avoid requiring the Court and the parties to engage in further proceedings in this case regarding the § 101 issue that will not, as a result of the more stringent standard governing whether to grant the *Bravo* decision collateral estoppel effect, dispose of the fundamental issue of whether the asserted claims of the `516 Patent are patent-eligible.[1]

Finally, DietGoal does not believe that it would be prudent for this Court to conduct further proceedings regarding the other pending motions for summary judgment in this case, given the *Bravo* decision and DietGoal's appeal of that decision.  As one court explained, "a party is not entitled to demand that a court rule on all possible grounds for relief when another ground is a sufficient basis for granting relief.  It is contrary to one of the purposes behind the *Blonder-Tongue* decision for a third court to expend resources on the merits of a patent case

---

[1]  DietGoal considers itself compelled to raise these fundamental flaws in the *Bravo* decision so to avoid any assertion by any party or court that it conceded that it did have a fair opportunity to litigate the issue.  *See Scripps Clinic & Research Foundation v. Baxter Travenol Laboratories, Inc.*, 729 F. Supp. 1473 (D. Del. 1990) ("Scripps does not oppose the collateral estoppel effect of the prior judgment of invalidity and unenforceability, indicating that Scripps believes it had a full and fair opportunity to litigate in the California actions.")

when another court has already held the patent to be invalid." *Pharmacia & Upjohn Co. v. Novopharm Ltd.*, 1999 U.S. Dist. LEXIS 1257, 11-12 (N.D. Ill. Feb. 2, 1999).

Dated:  August 22, 2014                        Respectfully submitted,

                                               **BUETHER JOE & CARPENTER, LLC**

                                               By:        */s/ Eric W. Buether*
                                                          Eric W. Buether
                                                          State Bar No. 03316880
                                                          Eric.Buether@BJCIPLaw.com
                                                          Christopher M. Joe
                                                          State Bar No. 00787770
                                                          Chris.Joe@BJCIPLaw.com
                                                          Brian A. Carpenter
                                                          State Bar No. 03840600
                                                          Brian.Carpenter@BJCIPLaw.com
                                                          Monica Tavakoli
                                                          State Bar No. 24065822
                                                          Monica.Tavakoli@BJCIPLaw.com
                                                          Niky Bukovcan
                                                          State Bar No. 24078287
                                                          Niky.Bukovcan@BJCIPLaw.com
                                                          Michael D. Ricketts
                                                          State Bar No. 24079208
                                                          Mickey.Ricketts@BJCIPLaw.com
                                                          Timothy J.H. Craddock
                                                          State Bar No. 24082868
                                                          Tim.Craddock@BJCIPLaw.com

                                                          1700 Pacific Avenue, Suite 4750
                                                          Dallas, Texas 75201
                                                          Telephone:      (214) 466-1271
                                                          Facsimile:      (214) 635-1827

**THE LAW OFFICES OF DAMON YOUNG**

Damon M. Young
State Bar No. 2176700
damon@dylawoffices.com

4122 Texas Boulevard / P.O. Box 1897*
Texarkana, TX.  75503 (*04*)
Telephone:      (903) 794-1303
Facsimile:      (903) 792-5098

**ATTORNEYS FOR PLAINTIFF
DIETGOAL INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 25th day of August, 2014.  Any other counsel of record will be served by facsimile transmission and first class mail.


/s/ Eric W. Buether
Eric W. Buether