IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 2:12-cv-00764-WCB-RSP |
| | § | |
| CHIPOTLE MEXICAN GRILL, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Doctor's Associates, Inc. D/B/A Subway, Red Robin International, Inc. and Chipotle Mexican Grill, Inc.'s Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.  Case No. 2:12-cv-761, Dkt. No. 393.  The motion is DENIED.

The defendants argue that the Court's claim construction order made clear that DietGoal could not prevail on its infringement contentions against any of the defendants.  Therefore, according to the defendants, when DietGoal continued to press its infringement allegations after the claim construction order was issued, it violated Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 provides, in pertinent part, that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal

contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b).

Under Rule 11, a district court must determine whether the attorney's conduct—in this case advancing a theory of infringement in the face of a claim construction that the defendants contend is fatal to the plaintiff's case—was reasonable and not wholly frivolous. "[R]egardless of whether the attorney's view of the law is erroneous, sanctions can be imposed only if his position can 'fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal.'" FDIC v. Calhoun, 34 F.3d 1291, 1296 (5th Cir. 1994), quoting Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992).

Sanctions are normally reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." SortiumUSA, LLC v. Hunger, 2014 WL 1080765, at *5 (N.D. Tex. Mar. 18, 2014) (citation omitted; emphasis in original). The imposition of Rule 11 sanctions "is an extraordinary remedy, one to be exercised with extreme caution." Id. at *3, citing Laughlin v. Perot, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997). Moreover, the question whether to impose sanctions under Rule 11 is committed to the district court's discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).[1]

---

[1] DietGoal argues at some length that the defendants' Rule 11 claim is flawed because the defendants failed to identify any pleading, written motion, or other paper filed with the Court that would violate Rule 11. DietGoal's argument appears to be that because the Court's claim construction order post-dated DietGoal's complaint and infringement contentions, those filings were not unreasonable at the time they were filed. That argument, however, ignores the 1993 amendment to Rule 11, which added that "later advocating" a position taken in an earlier written filing would be sanctionable under the rule. The advisory committee's notes to the 1993 amendment make that point clear: "[A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court,

The defendants base their Rule 11 claim on the Court's construction of the term "customized eating goals," which appears in all of the claims of U.S. Patent No. 6,585,516 ("the '516 patent") that have been asserted against the three moving defendants. In the claim construction proceedings before the magistrate judge, the defendants argued that the term "customized eating goals" should be construed to mean "two or more stored, user-specific numeric dietary objectives." The plaintiffs initially proposed that the term be construed to mean "user specific dietary preference(s) or objective(s)" but ultimately urged that in the context in which the term was used in the claims (e.g., "to meet customized eating goal" in claim 1 of the patent), it merely expressed an intended purpose of the invention and not a limitation, so that it needed no construction at all. Case No. 2:12-cv-761, Dkt. No. 308, at 12-18.

The Court rejected the parties' proposals and adopted its own construction. Case No. 2:12-cv-761, Dkt. No. 308, at 18-21. The Court construed the term "customized eating goals" to mean "computer implemented user-specific dietary goals." The Court rejected the defendants' argument that the dietary goals were required to be "stored" in a computer and that they were required to be "numeric" in nature. As for DietGoal's arguments, the Court rejected the contention that the term "customized eating goals" was not a limitation, and it rejected DietGoal's interpretation of the term on the ground that DietGoal's theory "encompassed mental processes that are solely within a user's mind." Both the language of the patent and the prosecution history, the Court concluded, dictated that the term "customized eating goals" was

---

but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendment. Because DietGoal has continued to advocate a theory of infringement that the defendants regard as contrary to the Court's claim construction, the Rule 11 claim cannot be dismissed on procedural grounds, as DietGoal urges.

computer implemented. There was "no indication in the specification of the eating goals being merely a mental process," the Court concluded. Id. at 19. The Court added that "what is described as a 'customized' goal in the context of the intrinsic record as a whole is a goal that is computer implemented, not merely a user's personal mental objective." Id. The Court further noted that its construction "makes clear to the jury the meaning of the term and prevents constructions from later being asserted in the case (such as by experts) that the goals may be merely a mental process." Id.

Based on that construction, the moving defendants argue that DietGoal could not possibly prove infringement against any of them, because none of their accused systems or methods use computer implemented, user-specific dietary goals. By continuing to argue that the defendants infringe the '516 patent, the defendants contend, DietGoal is simply disregarding the meaning of the Court's construction of the term "customized eating goals." According to the defendants, DietGoal's continued advocacy in favor of the infringement claims found in DietGoal's complaint and infringement contentions, following the Court's issuance of its claim construction order, violates Rule 11 because DietGoal's legal position became frivolous after the Court's claim construction, and DietGoal's attorneys no longer had a good faith basis to believe it had legal merit.

It is not necessary for the Court to decide whether DietGoal is correct that its theory of infringement survives the Court's claim construction. It is sufficient that the Court is persuaded that DietGoal's conduct in continuing to advocate its theory of infringement is not wholly frivolous. Because the Court finds that DietGoal's position is not wholly frivolous, the Court concludes that it is not appropriate to impose Rule 11 sanctions in this case.

In the first place, DietGoal may wish to appeal based on the Court's claim construction. Although the Court believes the claim construction was correct, based on the magistrate judge's analysis of the patent specification and the prosecution history, the Court concludes that there is a non-frivolous basis for DietGoal to argue that the claim construction was too restrictive. Accordingly, DietGoal's refusal to submit to the defendants' insistence that DietGoal concede that the defendants' systems and methods do not infringe is not sanctionable conduct.

Second, it was not frivolous for DietGoal to argue that it could prove infringement even under the Court's claim construction. The defendants argue that DietGoal's infringement theory relies on a construction of the term "customized eating goals" that is merely a mental process, and that DietGoal's argument therefore flies in the face of the Court's claim construction. DietGoal contends that its theory of infringement is not at odds with the Court's claim construction.

DietGoal's position is that its theory of infringement is not limited to customized eating goals that "are solely within a user's mind," and that, instead, the defendants use "computerized systems and methods [that] implement a user's customized goals." Case No. 2:12-cv-761, Dkt. No. 425, at 8. DietGoal contends that the defendants' argument is simply a restatement of the position they unsuccessfully advanced during claim construction, i.e., that the user's customized eating goals must be "stored" by a computer. Id. DietGoal argues that the Court's claim construction order did not foreclose DietGoal's theory that a user may adopt "a customized eating goal based upon input from the computerized system or method." Id. at 8-9.

While the Court is skeptical that DietGoal's interpretation of the Court's claim construction order is correct, the Court is not prepared to say that DietGoal's position is wholly

5

frivolous. It is not unusual, following a claim construction order, for the parties to dispute the precise meaning of the order that was entered. In some instances, those arguments as to the meaning of a claim construction order are either accepted or rejected, and in some instances the arguments can lead the Court to conduct further claim construction to resolve any ambiguity left from the original construction. DietGoal's argument that the Court's claim construction order was amenable to an interpretation consistent with its theory of infringement was, at minimum, not wholly frivolous, and it might have led the Court to revise or at least further explain the construction of the term "customized eating goals." Accordingly, the court rejects the defendants' contention that DietGoal's position was so plainly baseless as to be sanctionable. The Court DENIES the defendants' motion for Rule 11 sanctions.

    IT IS SO ORDERED.

    SIGNED this 14th day of October, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE