IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 2:12-cv-00764-WCB-RSP |
| | § | |
| CHIPOTLE MEXICAN GRILL, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Chipotle, Red Robin, and Subway's Corrected Motion in Support of Their Request for an Order Taxing Disputed Costs. Dkt. No. 126. Plaintiff DietGoal Innovations LLC filed an opposition to the motion. The defendants have not filed a reply. The motion is GRANTED IN PART and DENIED IN PART.

Rule 54(d), Fed. R. Civ. P., provides that costs should ordinarily be awarded to a prevailing party. The categories of costs that are awardable are set forth in the federal costs statute, 28 U.S.C. § 1920, which provides that a judge "may tax as costs" five categories of items, including "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "Fees and disbursements for printing and witnesses"; and "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The burden is on the party seeking an award of costs to show entitlement to an award for either item, which entails showing what the claimed expenditures were for and, in the case of transcripts and copies, why those transcripts and copies were

"necessarily obtained for use in the case." Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation."); Fogelman v. ARAMCO (Arabian Am. Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991) (costs will be awarded "provided that the prevailing party demonstrates" that the copies were obtained "for use in the case.").[1] An award of costs, however, is not a matter of right; the district court may, in its discretion, refuse to tax costs in favor of the prevailing party. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

### 1. Agreed Costs

As to the portions of the bill of costs to which the plaintiff has not objected, the Court grants the defendants' request that the court tax costs in those amounts against the plaintiff. Accordingly, the Court awards $10,061.99 in costs to Subway; $9,819.12 in costs to Red Robin; and $9,915.95 in costs to Chipotle. The remaining items discussed in this order are disputed.

### 2. E-CD Deposition Transcript Costs

As part of their bill of costs, the defendants included the costs of what they refer to as "E-CD Litigation Packages" relating to two witness depositions. DietGoal objects to the inclusion of the costs of the E-CD Litigation Packages on the ground that they are incidental to the deposition transcripts and as such are not chargeable costs. The defendants' brief does not explain what an "E-CD Litigation Package" consists of, but states that "the CDs provided were the electronic format upon which the vendor produced the transcripts." From that characterization, the Court infers that the "E-CD Deposition Packages" for which costs are

---

[1] Issues involving the assessment of costs in a patent case are governed by Fifth Circuit law. See Electro Sci. Indus., Inc. v. Gen. Scanning Inc., 247 F.3d 1341, 1349 (Fed. Cir. 2001).

claimed are electronic versions of the transcripts of the depositions, and that the defendants are seeking to recover costs for both the printed copies of the deposition transcripts and the electronic versions of the transcripts, for which it appears that there was a separate charge. See Dkt. No. 126-5, Exhibit 4, at 16-18, 41-42. The defendants seek a total of $195 for the five E-CD Litigation Packages related to the two witness depositions.

The defendants base their request for costs for the E-CD Litigation Packages on 28 U.S.C. § 1920(2), which provides that an award of costs can include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Questions about the extent to which transcripts of video depositions are chargeable as costs under section 1920(2) have long divided the courts. Before its amendment in 2008, section 1920(2) provided that the prevailing party could obtain an award of costs for the fees "of the court reporter for all or any part of the stenographic transcript." 28 U.S.C. § 1920(2) (2006). The courts were split regarding whether that provision authorized an award of costs for expenses relating to videotaped depositions. The Fifth Circuit held that it did not. Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529-30 (5th Cir. 2001); Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1049 (5th Cir. 1998). Other courts disagreed and held that the pre-2008 version of the statute authorized an award of costs for the expense of videotaping depositions. See, e.g., BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir. 2005); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1476-79 (10th Cir. 1997); Morrison v. Reichhold Chems. Inc., 97 F.3d 460, 464-65 (11th Cir. 1996); Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993). Several of those courts further held that the expense of preparing a printed transcript of a video deposition was also taxable if the printed transcript was shown to be necessarily obtained for use in the case. See

3

BDT Prods., 405 F.3d at 420; Tilton, 115 F.3d at 1478; see also Campbell v. Triad Fin. Corp., 2007 WL 4561525, at *4 (N.D. Ohio Dec. 21, 2007); Garonzik v. Whitman Diner, 910 F. Supp. 167, 171-72 (D.N.J. 1995); Meredith v. Schreiner Transport, Inc., 814 F. Supp. 1004, 1006 (D. Kan. 1993).

In 2008, section 1920(2) was amended to permit an award of costs "for printed or electronically recorded transcripts." The issue then arose whether the amended statute permitted the recovery of costs for the preparation of the videotape of the deposition and also for the preparation of a printed transcript of the deposition. Most courts held that the statute permitted the recovery of costs for both, as long as it was shown that the printed transcript was necessary for use in the case. See, e.g., In re Ricoh Co. Ltd. Patent Litig., 661 F.3d 1361, 1369-70 (Fed. Cir. 2011) (applying Ninth Circuit law); Allstate Ins. Co. v. Plambeck, D.C., 2014 WL 6621049, at *5-7 (N.D. Tex. June 2, 2014); Petri v. Kestrel Oil & Gas Props, L.P., 2013 WL 265973, at *4 (S.D. Tex. Jan. 17, 2013); Peacock v. Carpedia Int'l, Ltd., 2012 WL 4829381, at *4 (S.D. Tex. Oct. 10, 2012); Eolas Techs. Inc. v. Adobe Sys., Inc., 891 F. Supp. 2d 803, 805-06 (E.D. Tex. 2012); Baisden v. I'm Ready for Productions, Inc., 793 F. Supp. 2d 970, 976-78 (S.D. Tex. 2011); Nilesh Enters., Inc. v. Lawyers Title Ins. Corp., 2010 WL 2671728, at *3 (W.D. Tex. July 1, 2010).[2] However, a minority of courts, based on the use of the word "or" in section 1920(2), have held that the costs statute does not permit an award of costs for both the video deposition

---

[2] Numerous district courts in other circuits have taken the same position. See, e.g., Hyland v. Homeservices of Am., Inc., 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013); State Farm Fire & Cas. Co. v. King Sports, Inc., 841 F. Supp. 2d 1317, 1320 (N.D. Ga. 2012); Home Designs, Inc. v. Trumble, 2011 WL 6440517, at *2 (D. Colo. Dec. 22, 2011); Higgins v. Potter, 2011 WL 3667097, at *2-3 (D. Kan. Aug. 22, 2011); B&B Hardware, Inc. v. Hargis Indus., Inc., 2010 WL 3655737, at *2 (E.D. Ark. Sept. 9, 2010); Merck Sharp & Dohme Pharms., Inc. v. Teva Pharms. USA, Inc., 2010 WL 1381413, at *3 (D.N.J. Mar. 31, 2010); Hynix Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1150 (N.D. Cal. 2010).

itself and a printed transcript of the deposition. See, e.g., Amana Society, Inc. v. Excel Eng'g, Inc., 2013 WL 427394, at *3 (N.D. Iowa Feb. 4, 2013); Winter v. Novartis Pharm. Corp., 2012 WL 3993623, at *4 (W.D. Mo. Sept. 11, 2012); Chism v. New Holland N. Am., Inc., 2010 WL 1961179, at *4 (E.D. Ark. May 13, 2010); Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010); Pierson v. Ford Motor Co., 2010 WL 431883, at *4 (N.D. Cal. Feb. 2, 2010); Thomas v. Newton, 2009 WL 1851093, at *4 (E.D. Mo. June 26, 2009). Several judges in Texas district courts have also denied requests to assess costs for both a videotape and a printed transcript of the videotape. The decisions in those cases, however, may be based on the courts' findings that the printed copies were not necessarily obtained for use in the case, not on a determination that section 1920(2) disallows an award of costs for both. See Eastman Chem. Co. v. Plastipure, Inc., 2013 WL 5555373, at *6 (W.D. Tex. Oct. 4, 2013) (Judge Sparks); Stoffels v. SBC Commc'ns, Inc., 2012 WL 2122191 (W.D. Tex. June 11, 2012) (Judge Rodriguez); Nilesh Enters., Inc. v. Lawyers Title Ins. Corp., 2010 WL 2671728, at *3 & n.20 (W.D. Tex. July 1, 2010) (Judge Rodriguez); HEI Res. E. OMG Joint Venture v. S. Lavon Evans Operating Co., 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010) (Judge Hood) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic form.").

The defendants have not addressed in any detail the issue that has divided the courts regarding the meaning of section 1920. Instead, they simply rely on Judge Davis's decision in Eolas, 891 F. Supp. 2d at 805-06, to support their claim that section 1920(2) entitles them to recover costs for both printed and electronic copies of the transcripts of the two depositions at

issue. The court in Eolas interpreted the word "or" in section 1920(2) as having an inclusive, rather than an exclusive meaning and, based on that interpretation of the statute, allowed the assessment of costs for a video copy of a videotaped deposition and a printed transcript of the same deposition.

It is well recognized that the word "or" can be used in either an inclusive or an exclusive sense, depending on context. See Shaw v. Nat'l Union Fire Ins. Co., 605 F.3d 1250, 1253-54 (11th Cir. 2010); Allstate, 2014 WL 6621049, at *4-6; B-50.com, LLC v. Infosync Servs., LLC, 2014 WL 285096, at *6-7 (N.D. Tex. Jan. 27, 2014). That is, the term "or" can mean "A or B, but not both," or it can mean "A or B, or both." The Eleventh Circuit in Shaw provided excellent examples of the use of the term "or" in both the inclusive and the exclusive sense. The phrase "if you are a husband or a father, you'll understand" is an example of the use of "or" in an inclusive sense, as it plainly intends to include persons who are both husbands and fathers. By contrast, the phrase "you may eat an apple or an orange" strongly suggests that "or" is being used in an exclusive sense, in that it is not implied that one of the choices being offered is to eat both. Shaw, 605 F.3d at 1254 n.8.

From the face of section 1920(2), it is not clear whether the term "or" is used in its inclusive or exclusive sense. The background of the statute, however, lends some support to the view that the term was used in its exclusive sense. Before the 2008 amendment, section 1920(2) provided that the prevailing party could obtain an award of costs for a "stenographic transcript." 28 U.S.C. § 1920(2) (2006). The amendment allowed an award of costs for "printed or electronically recorded transcripts." The amendment responded to the fact that legal materials were increasingly being provided in electronic form and it cured the problem that the pre-2008

version of the statute did not allow recovery of costs for a transcript in electronic rather than in printed form. Yet while the amendment allowed a cost award for a transcript regardless of whether it was in printed or electronic form, there was no indication that the amendment was intended to allow a party to obtain an award of costs for an additional copy of the transcript, when previously the prevailing party could obtain an award for only one such copy.

Given the circumstances that led Congress to amend section 1920(2), it would present a difficult question if this Court had to address the issue presented in Eolas and many similar cases—whether an award of costs can include the costs for both videotapes and printed transcripts of the same depositions. This case, however, does not present that issue and does not require the Court to decide that question. Instead, this case presents a related, but different question—whether an award of costs can include both printed and electronic copies of a deposition transcript. While the issue presented in Eolas arises frequently, as illustrated by the numerous cases cited above, the issue presented in this case does not appear to have arisen with any frequency.

Based on the facts before it, the Eolas court and other courts in similar cases have found that both videotapes and printed transcripts of video depositions were "necessarily obtained for use in the case," as section 1920(2) requires. In several of the decisions applying the Eolas rule, the courts have made the point that when a video deposition is used in court, it is necessary as a practical matter for counsel to have a printed transcript of the deposition as well as the videotape itself. See, e.g., Tilton, 115 F.3d at 1477-78; Allstate, 2014 WL 2980265, at *5; Baisden, 793 F. Supp. 2d at 976-78.

The argument for necessity, however, is not nearly as strong in the case of printed and electronic copies of the same deposition transcript, which are simply duplicate copies of the same document in different formats. Unlike in the case of the types of materials at issue in the Eolas line of cases, the Court finds that no showing of necessity has been made for obtaining the electronic versions of the printed transcripts that are purportedly embodied in the E-CD Litigation Packages at issue in this case. Accordingly, regardless of whether Eolas is correct in its legal analysis of section 1920(2), the court's finding of necessity in that case does not apply here, and the request for an award of costs for the two E-CD Litigation Packages must be DENIED.[3]

**3. Copying Costs for Deposition Exhibits**

The defendants next request an award of the costs of making copies of "deposition preparation materials" for two depositions and for the "preparation of expert deposition exhibits." In the accompanying exhibits, the defendants describe the three items as follows: (1) "For deposition prep materials for Prevent Cancer Depo—Clicks Document Management"; (2) "For deposition prep materials (DietGoal) – Flex Discovery, LLC – Alabaster Deposition"; and (3) "Preparation of expert deposition exhibits – Platinum Intelligent Data Solutions." The total amount sought for those items is $1680.72.

---

[3] To the extent that the E-CD Litigation Packages constitute (or include) items incidental to the deposition transcript, as the plaintiff argues, the amounts billed for those incidental items are not recoverable. See United States District Court for the Eastern District of Texas, Marshall Division, Standing Order Regarding Bills of Costs 4 (Sept. 2, 2014) ("Standing Order"); Structural Metals, Inc. v. S & C Elec. Co., 2013 WL 3790450, at *4 (W.D. Tex. July 10, 2013) (Judge Rodriguez) (disallowing deposition delivery costs and related incidental deposition costs, including charges for "litigation CDs").
.

The plaintiff contends that the description of the items lacks sufficient specificity. In particular, the plaintiff argues that the line items to which it objects do not mention making copies and that the defendants therefore have not shown that the listed costs are associated with copying or that they are limited to copying or exemplification. Moreover, based on the skimpy descriptions of the items, the plaintiff argues that "there is no way of knowing whether the costs Defendants seek to recover include '[c]harges for multiple copies of documents,'" which are not allowable. See Fogelman, 920 F.2d at 286 (the losing party "should not be held responsible for multiple copies of documents"); Standing Order 4.

The Court agrees with the plaintiff that the descriptions of the three listed items fall short of what is necessary to inform the plaintiff or the Court that those items represent qualifying expenditures. The descriptions of the items do not state with particularity what the deposition-related materials were or what they were used for, and there is no representation that any copying that was done was limited to single copies of the materials being copied.

The invoices found in Exhibit 4 to the defendant's motion, Dkt. No. 126-5, are marginally more informative, but they do not describe the documents that were prepared. In particular, they do not identify the nature of the documents being copied and thus add nothing to the description in the motion of the documents as "deposition preparation materials," which is a very non-specific description. See Fogelman, 920 F.2d at 286; Standing Order 4 n.3.

Beyond that, the invoices do not make clear that only one copy of each document was prepared; in fact, in one case the invoice seems to suggest that multiple copies were made. See Dkt. No. 126-5, at 65 ("Digital Prints – From FTp, D/S, B/W, regular paper with staples X 4 sets total"). And in one case, involving the claim for "deposition prep materials (DietGoal) – Flex

9

Discovery, LLC – Alabaster Deposition," one of more of the invoices seems to be missing, since the defendants claim a total of $833.16 for that item, yet the single Flex invoice that the Court could locate in the exhibit materials was for only $285.95. See Dkt. No. 126-5, at 66. In addition, the invoices reveal that some of the charged expenditures were for items other than copying documents, such as custom labels, Manilla folders, and redweld folders. Id. at 65-66, 68-69.

More is required to assure the Court that it is not simply awarding costs on the defendants' bare representation that the expenditures in question qualify under section 1920. See Home Depot, U.S.A., Inc. v. Fed. Ins. Co., 2003 WL 470545, at *2 (E.D. Tex. Feb. 24, 2003). This court and others have repeatedly refused to grant contested cost awards for copying when the award requester has not described the copied documents with enough specificity to satisfy its burden to show that the copying was necessarily obtained for use in the case, as opposed to being obtained for the convenience of counsel. See, e.g., Maurice Mitchell Innovations, L.P. v. Intel Corp., 491 F. Supp. 2d 684, 689 (E.D. Tex. 2007); Eastman Chem. Co., 2013 WL 5555373, at *7; Chenault v. Dorel Indus., Inc., 2010 WL 3064007, at *2 (W.D. Tex. Aug. 2, 2010); Power-One, Inc. v. Artesyn Techs., Inc., 2008 WL 4065871, at *7 (E.D. Tex. Aug. 27, 2008); Reyes v. Texas Ezpawn, L.P., 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007); Interstate Contracting Corp. v. City of Dallas, 2002 WL 236676, at *5 (N.D. Tex. 2002).

While courts do not "expect a prevailing party to identify every Xerox copy made for use in the course of legal proceedings," they do "require some demonstration that reproduction costs necessarily result from that litigation." Fogelman, 920 F.2d at 286. The required showing can be made in a variety of ways short of identifying every copy that was made during the pendency

of the case. In this case, for example, an attorney affidavit explaining what the copied items were and what they were used for (and addressing the question whether the copies included duplicates) would seem to be simple enough to prepare and would shed considerable light on the question whether the copies qualified for cost taxation. Because it seems likely that at least some amount of what is claimed in this set of items is entitled to be assessed as costs, the Court will allow the defendants to supplement their request with information sufficient to make an adequate showing of entitlement if they do so within 10 days of the date of this order. Absent such a supplemental filing, the Court will deny this item in its entirety.

### 4. Witness Travel and Lodging Costs

The defendants next seek travel and lodging fees for their expert, Stephen Gray, who attended a deposition in Dallas, Texas, in April 2014. The federal costs statute, 28 U.S.C. § 1920(3), allows the taxing of costs for fees and disbursements for witnesses, and 28 U.S.C. § 1821(c)(4) provides that "[a]ll normal travel expenses [of witnesses] within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title." Those expenses include fees for meals, lodging, and travel. Holmes, 11 F.3d at 65. The defendants seek a total of $1179.42 for Mr. Gray's travel and lodging fees.

With respect to travel, section 1821(c)(1) provides that a witness "shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled"; it further provides that the witness "shall utilize a common carrier at the most economical rate reasonably available."

The first issue regarding Mr. Gray's travel is the airfare for his round trip between San Diego, California, and Dallas, Texas. Mr. Gray traveled first class on that trip, for which the

defendants represent that his airfare was $972.  The defendants have sought to recover only half that amount, which their brief states, without supporting documentation, is 50% less than the refundable airfare between San Diego and Dallas.  The problem with that analysis, besides the absence of evidentiary support, is that refundable airfares do not ordinarily represent the "most economical rate reasonably available."  In fact, the Court takes judicial notice that, at least at the present time, a nonrefundable round-trip coach fare between Dallas and San Diego can be obtained for as little as $143 (via Southwest Airlines).  The defendants have not shown why a refundable ticket was necessary, although it is possible that such a showing could be made.  In any event, without further explanation as to why half of the first class fare is equal to or less than the most economical rate reasonably available, the Court will not award the requested $486 for airline travel.

The same analysis applies to the $300 charge for "car fare."  There is no showing in the defendants' papers that the $300 for car fare represents the most economical rate reasonably available for Mr. Gray's ground transportation in the Dallas area.  The $300 for car fare is significantly more than the round-trip fare for taxicab transportation between either Dallas airport and downtown Dallas.  Accordingly, unless Mr. Gray found it necessary to use taxicabs or other forms of transportation on numerous occasions during his stay in Dallas, it seems likely that the proper amount to be charged for this item will turn out to be less than $300.

With respect to lodging and meals, section 1821(d) provides that a subsistence allowance will be paid to a witness when an overnight stay is required at the place of attendance, and that the amount of the subsistence allowance shall be paid "in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section

5702(a) of title 5, for official travel in such area by employees of the Federal Government." 28 U.S.C. § 1821(d)(2); see United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co., 414 F.3d 558, 575 (5th Cir. 2005); Holmes, 11 F.3d at 64; Petri, 2013 WL 265973, at *4; Baisden, 793 F. Supp. 2d at 978-81; Nilesh, 2010 WL 2671728, at *4; Lear Siegler Servs. v. Ensil Int'l Corp., 2010 WL 2595185, at *3 (W.D. Tex. June 23, 2010); see generally Crawford Fitting Co., 482 U.S. at 445. The per diem allowance prescribed by the Administrator of General Services for Dallas, Texas, as of April 2014 was $123 per night for lodging, and $71 per day for meals and incidental expenditures (with 75% of that amount allowable for the first and last days of a period of travel).

Mr. Gray's lodging and subsistence expenses exceed the per diem rates by considerable margins. His hotel charges were $435.68 per night, which is well in excess of the per diem lodging allowance of $123. His charges for meals—two breakfasts and two dinners—totaled $216.58, which is more than the maximum amount allowable for meals and incidentals of $71 for the full day that he was in Dallas and $53.25 for each of the first and last days of his stay in Dallas, on which he was traveling.

The amount the defendants have claimed for witness travel and lodging costs is clearly excessive, and their documentation is insufficient to allow the Court to determine the amount they are entitled to for the travel component of the cost award. However, because it is clear that the defendants qualify for some recovery of costs for Mr. Gray's travel, the Court will allow the defendants to supplement their request with information sufficient to make an adequate showing as to the eligible amount for travel if they do so within 10 days of the date of this order. Absent such a supplemental filing, the Court will award costs only for the witness's actual expenses for

13

lodging and meals up to the allowable per diem rates for lodging and meals for the period of travel. The Court calculates that amount to be $151.24 for meals ($53.25 for the first day; $71 for the second day; and the actual charge of $26.99 for breakfast on the third day), and $246 for lodging (two nights at the maximum per diem rate of $123 per night).

### 5. Hearing Transcript

Finally, the defendants seek the cost of a hearing transcript—not one from this case but from a separate, unrelated case. What they seek is the cost of obtaining a transcript of a pre-trial conference conducted by Judge Gilstrap in a case styled <u>LBS Innovations v. Sally Beauty Supply</u>, case no. 2:11-cv-407. The defendants state that they ordered the transcript of the pretrial hearing before Judge Gilstrap in order "to prepare for the pretrial conference scheduled before Judge Bryson." And that, they contend, shows that the transcript of Judge Gilstrap's pretrial conference was "necessarily obtained for use in the case." The defendants seek a total of $195.30 for the transcript.

The defendants' showing falls far short of justifying the imposition of the cost of the transcript on their adversary. Trial lawyers are expected to be generally aware of what happens in a pretrial conference. If the lawyers are from another area of the country, that is a service typically provided by local counsel. While counsel might be interested in reading through the transcript of one of the judge's previous pretrial conferences to get a sense of what the judge would be likely to cover, that is something that counsel can do on their own nickel. (Even then, it would seem to make more sense to examine the transcript of one of Judge Bryson's pretrial conferences, rather than one of Judge Gilstrap's). Counsel's interest in perusing the transcript of another judge's pretrial conference in a different case plainly falls into the category of items

"obtained primarily for the convenience of the parties," and not "necessarily obtained for use in the case." Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 133 (5th Cir. 1983); Vanderbilt Mortg. & Fin., Inc. v. Flores, 2011 WL 2160928, at *11-12 (S.D. Tex. May 27, 2011); HEI, 2010 WL 536997, at *7 (denying costs for transcript of a status conference not shown to be necessary for use in the case, but instead simply for the convenience of counsel). The request is DENIED.

**6. Summary**

In summary, the portions of the bill of costs to which the plaintiff has not objected are GRANTED. The request for an award for the E-CD Deposition Transcript costs is DENIED. The request for an award for the hearing transcript is DENIED. The request for copying costs for deposition exhibits is DENIED without prejudice to the defendants' right to make a further submission within 10 days of the date of this order demonstrating their entitlement to costs on this item. The request for an award for witness travel and lodging costs is GRANTED in the amount of $397.24, without prejudice to the defendants' right to make a further submission within 10 days of the date of this order demonstrating their entitlement to an award for reasonable travel costs. That amount will be divided equally among the three defendants who are parties to this motion. Accordingly, pending any further submission by the defendants, costs are awarded in favor of Subway in the amount of $10,194.40; in favor of Red Robin in the amount of $9,951.53; and in favor of Chipotle in the amount of $10,048.36.

15

Case 2:12-cv-00764-WCB Document 143 Filed 01/13/15 Page 15 of 16 PageID #: 9828

"obtained primarily for the convenience of the parties," and not "necessarily obtained for use in the case." Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 133 (5th Cir. 1983); Vanderbilt Mortg. & Fin., Inc. v. Flores, 2011 WL 2160928, at *11-12 (S.D. Tex. May 27, 2011); HEI, 2010 WL 536997, at *7 (denying costs for transcript of a status conference not shown to be necessary for use in the case, but instead simply for the convenience of counsel). The request is DENIED.

**6. Summary**

In summary, the portions of the bill of costs to which the plaintiff has not objected are GRANTED. The request for an award for the E-CD Deposition Transcript costs is DENIED. The request for an award for the hearing transcript is DENIED. The request for copying costs for deposition exhibits is DENIED without prejudice to the defendants' right to make a further submission within 10 days of the date of this order demonstrating their entitlement to costs on this item. The request for an award for witness travel and lodging costs is GRANTED in the amount of $397.24, without prejudice to the defendants' right to make a further submission within 10 days of the date of this order demonstrating their entitlement to an award for reasonable travel costs. That amount will be divided equally among the three defendants who are parties to this motion. Accordingly, pending any further submission by the defendants, costs are awarded in favor of Subway in the amount of $10,194.40; in favor of Red Robin in the amount of $9,951.53; and in favor of Chipotle in the amount of $10,048.36.

IT IS SO ORDERED.

SIGNED this 13th day of January, 2015.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE